**SIFCO INDUSTRIES, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C82–1797.**

United States District Court, N.D. Ohio, E.D.

March 30, 1984.

Richard M. Bertsch, Patrick W. Winslow, Bertsch, Fludine, Millican & O'Malley Co., L.P.A., Cleveland, Ohio, for plaintiff.

Robert L. Handros, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., John M. Siegel, Asst. U.S. Atty., Cleveland, Ohio, for defendant.

**MEMORANDUM OF ,OPINION AND ORDER**

KRENZLER, District Judge.

Plaintiff Sifco Industries, Inc. (Sifco) filed its complaint in this action on July 14, 1982, seeking a refund of a tax penalty which Sifco alleges was illegally assessed and collected from it. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1346(a)(1).

The parties have stipulated the facts in this action and submitted the action to the Court on the legal issue of whether Sifco was subject by statute to a penalty for failure to pay estimated tax for the fiscal year ending September 30, 1978. The parties have submitted briefs to the Court addressing this legal issue.

The stipulated facts in this action indicate the following facts.

In tax years prior to 1977, Sifco had taken investment tax credits on qualifying investment property, thereby reducing the amount of taxes it paid in those years.

On its federal corporation income tax return for the fiscal year ending September 30, 1977, Sifco reported taxable income of $567,696. The income tax liability before foreign tax credits with respect to that

income was $258,944. This amount of income tax was completely offset by foreign tax credits in the amount of $258,994.

However, within the fiscal year ending in September 1977, Sifco disposed of property upon which it had taken investment credits in previous tax years before the useful life of the property, which Sifco had used in computing the investment credit, had expired. Sifco, therefore, recomputed the prior investment credits pursuant to 26 U.S.C. § 47. From this recomputation of the prior investment credits, Sifco incurred a tax of $7,736 for the fiscal year ending September 30, 1977. Sifco reported this tax on its corporate return for the fiscal year ending September 30, 1977. This amount represents Sifco's only tax liability for that year.

On its federal corporate income tax return for the fiscal year ending September 30, 1978, Sifco reported taxable income of $1,996,676. The income tax liability before foreign tax credits and investment tax credits was $930,556. Foreign tax credits of $295,643 and investment tax credits of $139,801 decreased the tax liability to $495,112. Recomputation of previous investment credits produced a tax of $2,380 which increased the tax liability to $497,-492.

Sifco did not pay any estimated tax payments with respect to its income tax liability for the fiscal year ending September 30, 1978. The Internal Revenue Service assessed a penalty of $14,438.32 against Sifco under 26 U.S.C. § 6655 for failure to pay estimated tax for that year. On October 6, 1980, Sifco paid the penalty.

On March 5, 1982, Sifco filed a refund claim for the entire $14,438.32 in tax penalty. On May 22, 1982, the Internal Revenue Service (IRS) issued a notice of disallowance to Sifco, thereby rejecting Sifco's claim for refund. After the claim was disallowed by the IRS, Sifco filed this action for refund of the penalty.

If Sifco had the same income from the same sources in the fiscal year ending September 30, 1978, as that derived in its fiscal year ending September 30, 1977, its tax liability would be the same as it was for the fiscal year ending September 30, 1977.

Sifco contends that it is excepted from the penalty to pay estimated tax because it falls within an exception which would relieve Sifco from paying the penalty.

Title 26 U.S.C. § 6154(a) requires installment payments of estimated taxes to be paid by corporations that are "subject to taxation under section 11 or 1201(a), or subchapter L of chapter 1 [relating to insurance companies] .... if its estimated tax for such taxable year can reasonably be expected to be $40.00 or more." Title 26 U.S.C. § 6655 imposes a penalty in the event that a corporation fails to pay estimated tax.

Sifco contends that it is relieved from paying the penalty for failure to pay estimated taxes for the fiscal year ending September 30, 1978, under the exception provided in 26 U.S.C. § 6655(d) which provides that:

(d) .... the addition to the tax with respect to any underpayment .... shall not be imposed if the total amount of all payments of estimated tax .... equals or exceeds the amount which would have been required to be paid if the estimated tax were ....

(2) an amount equal to the *tax* computed at the rates applicable to the taxable year but otherwise on the basis of the facts shown on the return of the corporation for and the law applicable to, the preceding year. (emphasis added).

Sifco paid no estimated tax for the fiscal year ending September 30, 1978. The parties have stipulated that the tax rates for 1977 and 1978 were the same. Therefore, under the Section 6655(d)(2) exception, Sifco would be relieved from paying the penalty only if Sifco's 1977 tax return reflected no "tax."

The issue then becomes whether the fiscal year 1977 increase in tax from no tax to $7,736 as a result of the recomputation of previous investment credits constitutes a tax within the meaning of Section 6655(d)(2). If so, Sifco does not fall within the exception and is subject to the penalty

for failure to pay estimated tax. If not, Sifco fits within the exception and is therefore not subject to the penalty.

For the year in question, 26 U.S.C. § 6655(e) (now Section 6655(f)) defined "tax" for purposes of Section 6655 in pertinent part as follows:

(e) DEFINITION OF TAX.—

(1) IN GENERAL.—For purposes of subsections (b) and (d) the term "tax" means the excess of —

(A) *the tax imposed by section 11* or 1201(a), or subchapter L of chapter 1, whichever is applicable, over

(B) the sum of—

(i) the credits against tax provided by part IV of subchapter A of chapter 1. (emphasis added).

Section 11, which is part of Chapter 1 of the Internal Revenue Code, provides for a tax to be imposed at specified rates each taxable year on the taxable income of every corporation. Section 1201(a) provides for an alternative tax for corporations if capital gains are present. Subchapter L deals with insurance companies. The latter two provisions are not applicable in this action. In the instant action, Sifco cannot prevail if the tax increase from the recomputation of previous investment credits in the fiscal year ending September 30, 1977, falls within the category of a tax imposed by Section 11.

Title 26 U.S.C. § 38, which is also part of Chapter 1 of the Internal Revenue Code, allows investment credits for qualifying property "against the tax imposed by this chapter." Thus, a Section 38 investment credit reduces the taxes under Chapter 1, including the Section 11 income tax imposed on corporations.

Under 26 U.S.C. § 46(c)(2), the amount of investment credit allowed a taxpayer depends upon the useful life of the property in which the investment is made. The investment credit is taken in the year in which the investment in the property is made. However, in the event that the taxpayer disposes of the property in a later year but before the close of the useful life used in computing the investment credit, 26 U.S.C. § 47(a) requires the taxpayer to recompute the investment credit. The aggregate decrease in the credit increases the tax for the taxable year in which the property is disposed. Section 47(a) specifically provides in pertinent part as follows:

(a) General rule.—Under regulations prescribed by the Secretary or his delegate—

(1) Early disposition, etc.—If during any taxable year any property is disposed of, or otherwise ceases to be section 38 property with respect to the taxpayer, before the close of the useful life which was taken into account in computing the credit under section 38, *then the tax under this chapter* for such taxable year shall be increased by an amount equal to the aggregate decrease in the credits allowed under section 38 for all prior taxable years which would have resulted solely from substituting, in determining qualified investment, for such useful life the period beginning with the time such property was placed in service by the taxpayer and ending with the time such property ceased to be section 38 property. (emphasis added).

Treasury Regulation 26 C.F.R. § 1.47-1(a)(1)(i) stated that in the event that an investment credit is recomputed "then the income tax for the recapture year shall be increased by the amount of such decrease in credits allowed. For treatment of such increase in tax, see paragraph (b) of this section." Section 1.47-1(b) provides as follows:

(b) Increase in income tax and reduction of investment credit carryover—(1) Increase in tax. Except as provided in subparagraph (2) of this paragraph, [which is not relevant here] any increase in income tax under this section *shall be treated as income tax imposed on the taxpayer by chapter 1 of the Code* for the recapture year notwithstanding that without regard to such increase the taxpayer has no income tax liability, has a net operating loss for such taxable year, or no income tax return was otherwise

required for such taxable year. (emphasis added).

Therefore, in this action, Sifco's $7,736 tax increase in the 1977 recapture year must be treated as Chapter 1 income tax.

Sifco contends that this increase in income tax does not become a Section 11 "tax" for purposes of Section 6655 which imposes a penalty for failure to pay estimated tax. This Court disagrees.

The Seventh Circuit has interpreted the language in Section 47(a) to mean that an increase in Chapter 1 taxes is an increase in the Section 11 income tax for purpose of determining estimated taxes for the following year. *A.O. Smith v. United States*, 691 F.2d 1220, 1221 (7th Cir.1982). The court in *A.O. Smith* reasoned that since Section 11 and Section 47 are both within Chapter 1, the language in Section 47(a) refers to Section 11 income taxes, since Section 11 imposes income tax on corporations. Furthermore, the court stated that since investment tax credits reduce Section 11 corporate income tax they should also increase Section 11 taxes when a recomputation takes place. *Id.*

This Court adopts the Seventh Circuit's reasoning and holds that Sifco's $7,736 tax from recomputation of previous investment credits for the fiscal year ending September 30, 1977 is a Section 11 tax for purposes of determining estimated taxes for the fiscal year ending in 1978. Therefore, Sifco does not fall within the Section 6655(d)(2) exception which would relieve Sifco from paying the penalty. Since no factual dispute exists as to the amount of the penalty, defendant United States of America is entitled to judgment as a matter of law in this action. Accordingly, Sifco's complaint for refund of the penalty is dismissed.

IT IS SO ORDERED.