**BERKSHIRE HATHAWAY INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 346–83T.

United States Claims Court.

Sept. 30, 1985.

Numa L. Smith, Jr., Washington, D.C., for plaintiff; Frederick H. Robinson and Miller & Chevalier, Washington, D.C., of counsel.

Betty N. Ferber, Washington, D.C., with whom was Asst. Atty. Gen., Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

WIESE, Judge.

The Internal Revenue Code requires all corporations to pay income tax on an estimated basis. Section 6655(d)(2) of the Code[1] in effect permits a corporation to base these estimations on the amount of tax actually paid in the previous year. This case presents the issue of whether a corporation's payment of recaptured tax credits pursuant to Code section 47 constitutes payment of a "tax" within the meaning of section 6655(d)(2), thus requiring the corporation to pay at least that same amount in estimated taxes the following year. The case has been briefed and argued on cross-motions for summary judgment. After careful consideration, and mindful of authority to the contrary, the court holds that section 47 payments do not constitute "tax" for purposes of section

1. All code sections referenced herein are to the Internal Revenue Code of 1954 unless otherwise indicated.

6655(d)(2), and accordingly resolves the dispute in plaintiff's favor.[2]

## FACTS

Plaintiff, a Delaware corporation, had taken prior to 1975 certain income tax credits that reduced its federal tax liability. Section 38 of the Code authorized these credits, which arose from the purchase of qualifying investment property. The Code provides that a taxpayer may claim as a credit a certain percentage of such investments, with the allowable percentage increasing with the property's estimated useful life.

If the taxpayer disposes of the property before the end of this estimated useful life, however, the taxpayer is seen as having received a larger credit than it was entitled to. Section 47(a)(1) of the Code eliminates this potential windfall by requiring the taxpayer to recompute the prior credits and pay back the difference to the Internal Revenue Service. Rather than having the taxpayer amend its previous returns, however, section 47(a) requires that, for the year in which an investment property has been prematurely disposed of, the taxpayer increase its tax payment by the appropriate "recaptured" amount.

In its 1975 taxable year, plaintiff operated at a loss and therefore had no taxable income. Nevertheless, because plaintiff disposed of some section 38 property before the end of the property's estimated useful life, plaintiff incurred a tax liability for the recaptured investment credits under section 47(a). Plaintiff therefore paid $1,136 to the IRS in its 1975 tax return.

In its 1976 taxable year, plaintiff earned taxable income and had a tax liability of $2,852,418. The Code normally requires a corporate taxpayer to pay such taxes on an estimated basis; that is, in quarterly installments over the course of the tax year. Plaintiff, however, made no such estimated payments in 1976—this based on its view that such payments were not owing for lack of any income subject to estimated tax payment requirements in the preceding year. The IRS assessed against plaintiff a penalty of $92,691 for its failure to have made such estimated payments in 1976.

Plaintiff paid the penalty, and then filed a claim for refund with the IRS. Plaintiff argued that Code section 6655(d)(2) exempted it from the general requirement of paying estimated taxes and that the IRS therefore erroneously assessed the penalty. The IRS disallowed the claim, and on May 26, 1983 plaintiff filed suit in this court.

## DISCUSSION

### A.

In order to understand the thrust of this case, it is necessary by way of introduction to place section 6655(d)(2) in its statutory context. That introduction begins with section 6154 of the Code, which directs a corporate taxpayer to pay taxes on an estimated-income basis. Specifically, that section requires that a corporation, rather than pay a lump sum at the end of the year, pay in four equal installments the amount it estimates to be its tax liability for the year. If a corporation fails to make these estimated payments, as did plaintiff, it is subject to a penalty under Code section 6655(a).

The section 6655(a) penalty is, however, subject to several exceptions. Plaintiff maintains that the instant case falls within the exception in section 6655(d)(2), which affords the taxpayer the certainty of paying estimated tax in the current year based on the known facts of its prior year's return:

(d) Exception

\* \* \* the addition to the tax with respect to any underpayment \* \* \* shall not be imposed if the total amount of all payments of estimated tax \* \* \* equals or exceeds the amount which would have been required to be paid \* \* \* if the estimated tax were \* \* \*

**2.** Because the court finds for plaintiff on Count I of its complaint, it is unnecessary to reach the issues presented in Count II.

(2) An amount equal to the *tax* computed at the rates applicable to the taxable year but otherwise on the basis of the facts shown on the return of the corporation for, and the law applicable to, the preceding taxable year. [26 U.S.C. § 6655(d)(2) (1982) (emphasis added).]

The instant dispute focuses on the meaning of "tax" for purposes of the (d)(2) exception. Specifically, the issue is whther the amount plaintiff paid as section 47(a) credit recapture liability for 1975 constituted a "tax" under this provision. The Government contends that a section 47(a) liability does constitute a "tax", and that plaintiff was therefore required to make estimated tax payments in 1976. Plaintiff, by contrast, maintains that the recapture liability is not a "tax", and that since it otherwise had no taxable income in 1975 it was not required to make estimated payments in 1976. A careful examination of the relevant Code provisions, considered in light of fundamental maxims of statutory construction, compels a decision in plaintiff's favor.

### B.

The starting point for construing the word "tax" in section 6655(d)(2) is the definition furnished in former section 6655(e) (now section 6655(f)):

(e) Definition of tax

(1) In general

For purposes of subsections (b) and (d), the term "tax" means the excess of—

(A) *the tax imposed by section 11* \* \* *over*

(B) the sum of—

(i) the credits against tax provided by part IV of subchapter A of chapter 1 \* \* \*.

[26 U.S.C. § 6655(e) (1976) (emphasis added).]

Section 11, underlined above, merely provides for a tax at specified rates on the taxable income of every corporation. By the terms of section 6655(e)(1)(A), then, the issue in this case becomes whether the addition to tax under section 47(a) (the investment credit recapture provision) is "imposed by section 11".

We begin the analysis by noting that, on its face, the statute is unambiguous. In answer to the question "what is a 'tax' under section 6655(d)(2)?", the statute explicitly defines it to be a "tax imposed by section 11". The definition makes no reference to section 47(a). Moreover, nothing in section 11 indicates that it incorporates section 47(a) liability. The Government, however, proffers several reasons why this court should consider section 47(a) liability as being imposed by section 11. Consideration of these arguments provides the basis for the discussion that follows.

The Government first asserts that as a matter of consistent treatment of credits and credit recapture, the court should read section 47(a) liability as being imposed by section 11. In this connection, the Government observes that section 6655(e)(1)(B)(i) explicitly allows section 38 credits (*i.e.,* the investment credit) to be subtracted from section 11 tax in computing estimated tax payments (section 38 is within "part IV of subchapter A of chapter 1"). There is, however, no analogous provision in section 6655 which provides for recaptured credits to be *added* to section 11 tax in computing estimated tax payments. Therefore, argues the Government, to treat credits and credit recapture consistently, one must consider the "imposed by section 11" language as encompassing section 47(a) liability. Only in this manner will the Code provisions achieve a desirable symmetry.

We concede to the Government the attractiveness of this position. It is appealing to attribute to the Code a pervasive rationality, and to interpret the Code such that it renders the "correct" result. The fact remains, however, that the rule which the Government strives to read into section 6655(e) is simply nonexistent. The court finds it significant that the Code explicitly provides for treatment of credits in section 6655(e)(1)(B)(i), this only a few lines after the very language which, according to the

Government, treats recaptured credits implicitly. The explicit treatment of credits, *i.e.*, their separate recognition as offsets from the tax computed under section 11, compels the court to conclude that had Congress meant for section 47(a) credit recapture to be used in a corresponding fashion in calculating estimated taxes, it would have certainly said so. Indeed, to accept the Government's contention—that section 47(a) recapture credits are embraced within the tax computed under section 11—is also to argue that the credit initially claimed is likewise subsumed within that section. Plainly, then, adhering to the Government's position renders the existing language in section 6655(e)(1)(B)(i) superfluous.

The Government next relies upon two appellate court decisions to support its position. These cases represent the only authorities on point, and are, admittedly, in direct conflict with the holding reached here. While this court does find merit in the analyses these decisions reflect, nevertheless, it is compelled to disagree with their results.

The more fully reasoned of the two decisions—the second merely adopts the reasoning of the first—is *A.O. Smith Corp. v. United States*, 691 F.2d 1220 (7th Cir.1982). In that case the court held that for purposes of section 6154(a), a corporation which incurs section 47(a) liability is "subject to taxation under section 11". *Id.* at 1221 (quoting section 6154(a)). The court in part based its decision on the symmetry rationale which the Government urges in the present case. *See id.* at 1221–22. For the reasons discussed above, this court cannot accept that contention.

The majority in *A.O. Smith* presents a second argument for concluding that section 47(a) liability is imposed by section 11:

In referring to section 11, section 6154(a) sweeps in all the other provisions that feed into section 11, including section 47. Suppose that midway through its taxable year a corporation lost a deduction that it had been counting on in estimating its income tax. The higher taxable income resulting from the loss of

that deduction would result in a higher section 11 tax and more estimated tax due, even though section 6154(a) does not refer to the deductions that affect a corporation's section 11 tax. We are given no reason for a different treatment of credits. [*Id.* at 1221.]

The court thus reasons that section 11 "sweeps" section 47(a) into its reach in the same manner that section 11 incorporates deductions used to calculate taxable income. In the court's view, this equation of deductions and credits is not correct.

A much simplified overview of the Code's approach to the calculation of tax liability illuminates the relevant distinction between deductions and credits. Starting with the concept of gross income, the Code permits a taxpayer to subtract all authorized deductions to compute taxable income. The Code then imposes certain taxes—including a section 11 tax—on the resulting taxable income figure. From this "gross" tax liability, the Code allows a taxpayer to subtract any credits, which include the section 38 credits at issue here. The result is the taxpayer's final tax liability.

From this basic description of the Code's mechanics, it becomes apparent that section 11 sweeps in deductions but not credits. Deductions determine the taxable income base upon which the section 11 tax is subsequently imposed; hence, as prior steps in the calculation of that base they are necessarily "swept" in. Credits, by contrast, have nothing to do with calculating taxable income or the section 11 tax. They are more accurately considered as an offset to the already-computed section 11 tax. Thus a reference to section 11 does not "sweep in" section 38 (credits) or section 47 (credit recapture), and we accordingly reject the reasoning presented in the preceding quote and adopted in *Sifco Industries, Inc. v. United States*, 758 F.2d 198 (6th Cir.1985), *aff'g* 586 F.Supp. 335 (N.D.Ohio 1984).

In this court's view, the dissenting opinion in *A.O. Smith*, 691 F.2d at 1222–25, presents the law on this issue more accurately. The court agrees with

that opinion's essential contention—that the tax code is truly "positive law", and that in its interpretation the expressed will of the legislature is controlling. *See id.* at 1222. We therefore decline to rewrite section 6655 to conform with the Government's "symmetry" argument. Additionally, we view as correct the dissenting opinion's assertion that "the additional tax liability created under section 47 by premature sale is an *addition to* the section 11 tax, *not a part of it." Id.* at 1224–25 (emphasis in original; footnote omitted). Hence we disagree with the "swept into" argument upon which the Government here rests much of its case.

### C.

 A final consideration in this case involves the rule of statutory interpretation requiring strict construction of penalty provisions. Courts generally require penalty provisions to be clear and unequivocal in order to give fair warning to those persons who may expose themselves to liability. *See* 3 C. Sands *Sutherland Statutory Construction* § 59.03, at 6–7 (4th ed. 1974). This rule applies to this case, and thus stands in further support of the conclusion that plaintiff is not subject to the § 6655 addition to tax.

It is a venerable rule of statutory interpretation that a statute imposing a penalty "must receive a strict, that is, a literal construction." *Tiffany v. National Bank of Missouri,* 85 U.S. (18 Wall.) 409, 410, 21 L.Ed. 862 (1874). The addition to tax which section 6655 imposes is a penalty. The Senate Report on section 6655 specifically described it as providing for "a penalty addition to the tax". S.Rep. No. 1622, 83d Cong., 2d Sess. 594 (1954), *reprinted in* 1954 U.S.Code Cong. & Ad.News 4629, 5244.

Furthermore, the Supreme Court has ruled that a provision of the 1939 Code very similar to section 6655 imposed a penalty. In *Commissioner v. Acker,* 361 U.S. 87, 80 S.Ct. 144, 4 L.Ed.2d 127 (1959), the Court stated that the predecessor to section 6654 was "a taxing Act which imposes a penalty. The law is settled that 'penal statutes are to be construed strictly,' * * * and that one 'is not to be subjected to a penalty unless the words of the statute plainly impose it' * * * ". *'Id.* at 91, 80 S.Ct. at 147 (citations omitted; footnote omitted). This language reinforces the court's belief that it would be unfair to penalize plaintiff under a rule which, if it existed at all, would have to be gleaned from the Code based on abstract notions of tax policy and structural consistency.

### CONCLUSION

Because we find for plaintiff on Count I of its complaint, it is unnecessary to reach the issues presented in Count II. For the reasons discussed above, the court grants the plaintiff's motion for summary judgment and denies the Government's cross-motion for summary judgment. Judgment shall be entered for plaintiff in the amount of $92,691 plus interest as provided by law.