EDWARD S. SMITH, Circuit Judge.
 

 This is an appeal by the United States from the September 30, 1985, judgment of the United States Claims Court
 
 [1]
 
 that Berkshire Hathaway, Inc. (taxpayer), was not subject to a penalty under section 6655 of the Internal Revenue Code of 1954 (code)
 
 [2]
 
 even though taxpayer did not make quarterly payments of estimated tax. We affirm.
 

 Issue
 

 The issue is whether the section 47(a) investment tax credit recapture liability constitutes a “tax imposed by section 11” of the code within the meaning of section 6655(f) (formerly section 6655(e)).
 

 Background
 

 This suit for refund arises under section 6655 of the code, which section imposes an addition to tax upon corporations for the failure to pay estimated income taxes. At issue here is an addition to tax for 1976 of $92,691. The relevant facts were undisputed and the case was submitted to the Claims Court on cross-motions for summary judgment. The opinion of the Claims Court (Judge Wiese), ruling in favor of the taxpayer, was filed on September 30, 1985. By judgment entered on the same date, taxpayer’s motion for summary judgment was granted and the Government’s motion was denied. The Government timely filed its notice of appeal on November 27, 1985. Jurisdiction of this court is derived under 28 U.S.C. § 1295(a)(3).
 

 The parties are in agreement that the relevant facts are as follows:
 

 Berkshire Hathaway is incorporated under the laws of Delaware. For its tax year ending September 30, 1975, taxpayer had a net operating loss. Taxpayer nonetheless was required to pay a tax of $1,136 due to the “recapture” of previously claimed investment credits upon its premature disposition of certain section 38 property. The code provides for recapture because allowable investment credits, which are claimed when section 38 property is placed in service, increase directly with the useful life of the section 38 property. Thus, if the property is disposed of before the end of the useful life used in claiming the credit, the credit must be reduced and based on the shorter useful life during which the property was actually in service. The reduction in the previously claimed credits causes an increase in tax—commonly referred to as recapture—for the year of the premature disposition.
 

 For its fiscal year ending September 30, 1976, taxpayer’s taxable income was $9,966,093 and its federal income tax liability was $2,852,418. Taxpayer, however, did not make any installment payments of estimated taxes during its 1976 tax year. Acting under code section 6655, the Commissioner assessed an addition to tax of $92,-691 for the failure to pay estimated taxes. Taxpayer paid the assessment, filed a claim for refund that was denied, and ultimately filed a refund suit in the Claims Court.
 

 In the court below, taxpayer sought shelter from the addition to tax for failure to pay estimated income taxes under,
 
 inter alia,
 
 section 6655(d)(2) and section 6655(f). Section 6655(d) provides that the addition to tax for a corporation’s underpayment of estimated tax shall not apply
 

 if the total amount of all payments of estimated tax * * * equals or exceeds the amount which would have been required * * * if the estimated tax were
 

 ******
 

 (2) An amount equal to the tax computed at the rates applicable to the taxable year but otherwise on the basis of ■the facts shown on the return of the corporation for, and the law applicable to, the preceding taxable year.
 

 
 *431
 
 Section 6655(f) states in pertinent part that the “tax” upon which an obligation to pay estimated tax is based is “the tax imposed by section 11 * * * over * * * the credits against tax.” Taxpayer urged that it was not liable for estimated taxes because the tax arising upon recapture of investment tax credits was not “the tax imposed by section 11.” Therefore, it contended it had no 1975 tax liability, in the context of its obligation to pay estimated taxes for 1976 and, hence, did not have to pay estimated taxes during its 1976 tax year by virtue of the pertinent “safe harbor” provision of section 6655(d).
 

 The Government, on the basis of the recent decisions of the Seventh Circuit in
 
 A.O. Smith Corp. v. United States,
 

 [3]
 

 and the Sixth Circuit in
 
 Sifco Industries, Inc. v. United
 
 States,
 
 [4]
 
 involving the same issue, countered with the argument that recaptured investment tax credits are a part of the section 11 (26 U.S.C.) tax. The court below rejected the Government’s argument, as upheld by the Sixth and Seventh Circuits, and entered judgment for taxpayer. The Government appeals.
 

 Analysis
 

 Generally, section 6154 of the code requires a corporation to make quarterly payments of estimated tax during its taxable year. Section 6655 imposes a penalty on a corporation which fails to make (or underpays) such quarterly payments, with certain exceptions.
 

 In 1976, taxpayer made no quarterly payments of estimated tax. Thus, taxpayer would be subject to the section 6655 penalty unless the exception in section 6655(dX2) asserted by taxpayer applies.
 
 [5]
 
 Section 6655(d)(2) allows a taxpayer to pay estimated tax in the current year based on the known facts of the prior year’s return: (d) Exception
 

 * * * [T]he addition to the tax with respect to any underpayment * * * shall not be imposed if the total amount of all payments of estimated tax * * * equals or exceeds the amount which would have been required to be paid * * * if the estimated tax were * * *—
 

 ******
 

 (2) An amount equal to the
 
 tax
 
 computed at the rates applicable to the taxable year but otherwise on the basis of the facts shown on the return of the corporation for, and the law applicable to, the preceding taxable year. [Emphasis supplied.]
 

 The present appeal hinges on the meaning of the word “tax” for purposes of the (d)(2) exception.
 
 [6]
 
 The controlling definition is furnished in section 6655(f) (formerly section 6655(e)):
 

 (f) Definition of tax For purposes of subsections (b), (d), (e), and (i), the term “tax” means the excess of—
 

 (1) the tax imposed by section 11 * * over
 

 (2) the sum of—
 

 (A) the credits against tax provided by part IV of subchapter A of chapter 1 * * *.
 

 Thus, the question becomes whether in 1975 taxpayer had any “tax imposed by section 11.” Section 11 is the basic corporate tax imposed on the “taxable income” of every corporation. Here, the Claims
 
 *432
 
 Court’s finding that taxpayer had “no taxable income”
 
 [7]
 
 in 1975 is undisputed. Since there was no tax imposed on taxable income, it follows that there was no “tax imposed by section 11.”
 

 The only tax paid for 1975 was the section 47 recapture of investment tax credit. The section 47 recapture tax had no effect, directly or indirectly, on taxpayer’s 1975 taxable income or on taxpayer’s section 11 tax liability. Section 47 operates independently to increase the “tax under this chapter.”
 
 [8]
 
 Section 11 and section 47 are each self-contained; neither section makes any reference to the other, explicitly or implicitly-
 

 We hold that the section 47 recapture tax is not a “tax imposed by section 11.” Thus, for 1975 taxpayer paid no tax imposed by section 11, and for 1976 taxpayer was protected by the safe harbor of section 6655(d)(2). Therefore, taxpayer was not subject to the section 6655 penalty even though it made no quarterly payments of estimated tax.
 

 Thus, we agree with the analysis of the United States Claims Court in the present case, and with the analysis of the dissenting opinion in
 
 A.O. Smith.
 

 [9]
 

 The statutory language compels us to disagree with the result reached by the majority in
 
 A.O. Smith,
 
 which decision was followed in
 
 Sifco Industries.
 

 [10]
 

 We disagree with the majority’s reasoning in
 
 A.O. Smith
 
 that section 88 investment tax credits “feed into”
 
 [11]
 
 section 11 in the same manner that deductions feed into section 11. It is true that deductions reduce taxable income and, thus, reduce the “tax imposed by section 11.” There is a distinction, however, between income deductions and tax credits. Tax credits have no effect on taxable income or on the tax calculated according to section 11. It is only after the calculation of the section 11 tax that the tax credit is subtracted from the “tax imposed by this chapter.”
 
 [12]
 
 (Emphasis supplied.) Similarly, the section 47 recapture tax has no effect on taxable income or on the tax imposed by section 11. Section 47 increases the “tax under this chapter” separately and independently from any section 11 tax.
 

 Conclusion
 

 The section 47 recapture tax is not a tax imposed by section 11. In 1975 taxpayer paid no tax imposed by section 11; therefore, in 1976, taxpayer was protected by the safe harbor of section 6655(d)(2). Taxpayer was not subject to the section 6655 penalty even though it did not make quarterly estimated tax payments in 1976. The judgment of the United States Claims Court is affirmed.
 

 AFFIRMED.
 

 [1]
 

 .
 
 Berkshire Hathaway Inc. v. United States,
 
 8 Cl.Ct. 780 (1985).
 

 [2]
 

 . 26
 
 U.S.C. (1982).
 

 [3]
 

 .
 
 A.O. Smith Corp. v. United States,
 
 691 F.2d 1220 (7th Cir.1982).
 

 [4]
 

 .
 
 Sifco Indus., Inc. v. United States,
 
 758 F.2d 198 (6th Cir.1985).
 

 [5]
 

 . The Government suggests that the § 6655(d)(2) exception is inappropriate because the tax rates did not change during the years at issue, and taxpayer, therefore, must be relying on the § 6655(d)(1) exception. We consider taxpayer's reliance on (d)(2) to be proper even though there was no change in the tax rates. Furthermore, the distinction between (d)(1) and (d)(2) makes no difference in the outcome of tíiis case, since the definition of "tax’’ is the same for both subsections.
 

 [6]
 

 . We agree with the Claims Court that § 6655 imposes a penalty and, therefore, the strict construction ride would apply.
 
 See Commissioner v. Acker, 361 U.S.
 
 87, 91, 80 S.Ct. 144, 147, 4 L.Ed.2d 127 (1959). Although the strict construction rule adds further support for taxpayer’s position, the same result occurs under the normal rules of statutory construction as applied here.
 

 [7]
 

 .
 
 Berkshire Hathaway,
 
 8 Cl.Ct. at 781.
 

 [8]
 

 . We must reject the Government’s argument, which is essentially that any tax on a corporation must be imposed by section 11. There are several sections in the code, besides section 47, which sections impose taxes on corporations under chapter 1, but independently of section 11.
 
 See, e.g.,
 
 26 U.S.C. §§ 56, 531, 541 (1982).
 

 [9]
 

 .
 
 A.O. Smith,
 
 691 F.2d at 1222 (Dumbauld, J., dissenting).
 

 [10]
 

 .
 
 Sifco Indus.,
 
 758 F.2d 198.
 

 [11]
 

 .
 
 A.O. Smith,
 
 691 F.2d at 1221.
 

 [12]
 

 . 26 U.S.C. § 38 (1982).