Defendant correctly moves to dismiss this pro se petition as stating claims beyond our jurisdiction. The petition alleges a 20-year conspiracy on the part of the Federal Government to deprive plaintiff of her constitutional (a) right of privacy, (b) right of property and means of livelihood, (c) right to be secure, and (d) right to petition for redress of grievances. The petition is not detailed but its burden is that these acts were done by constantly keeping plaintiff under unremitting surveillance (apparently by electronic means) as to her "every action,” "including whatever she reads and writes,” "all speech,” and "thoughts and mental activity,” as well as by harassment, illegal searches, and illegal removal of papers and property from her residence. The relief sought is (i) injunctive, (ii) a declaration by defendant that it will cease the alleged wrongdoing; (iii) a directive to defendant "to turn over to Plaintiff all records and all products of its surveillance that pertain to Plaintiff,” (iv) return of all property and effects illegally seized from her, and (v) an order to defendant to justify its wrongdoing and to reveal the names of the alleged wrongdoers. No monetary relief is sought.
For three reasons, none of these claims can be pursued in this court. First, most if not all of the claims sound in tort and are therefore outside of our jurisdiction. E.g. Algonac *844 Mfg. Co. v. United States, 192 Ct. Cl. 649, 663, 428 F.2d 1241, 1249 (1970).
Second, to the extent that plaintiff seeks to allege nontortious claims of deprivation of constitutional rights, the due process and search-and-seizure provisions of the Constitution (on which she relies) do not, in and of themselves, ground monetary claims cognizable in this court. See, e.g., Vlahakis v. United States, 215 Ct. Cl. 1018, 1019 (1978). The assertion that. plaintiffs property was taken from her says that this was done illegally, and there is no allegation (or reason to believe) that Congress has authorized such seizure without compensation. There can therefore be no claim under the just compensation clause of the Fifth Amendment. E.g. NBH Land Co. v. United States, 217 Ct. Cl. 41, 44-45, 576 F.2d 317, 319-20 (1978).
Third, plaintiff asks affirmative, not monetary, relief. We have no power to grant declaratory relief (United States v. King, 395 U.S. 1 (1969)), nor to grant injunctive or other affirmative relief (except for the powers specifically granted us by statutes, which plainly do not apply to this case). See United States v. Jones, 131 U.S. 1 (1889); Berdick v. United States, 222 Ct. Cl. 94, 100, 612 F.2d 533, 536 (1979).
Plaintiff asks us, if we refuse to entertain the case, to transfer it to a district court under 28 U.S.C. § 1506. That provision allows transfer "if it be in the interest of justice.” It is uncertain to what extent a district court may have jurisdiction of the claims asserted here but in view of the general, summary, and undetailed allegations, as well as the curious nature of those general allegations, we do not consider it "in the interest of justice” to transfer.
Accordingly, it is ordered, without oral argument, that defendant’s motion to dismiss is granted and the petition is dismissed.