**Gerald Alan BROWN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 95–367T.**

United States Court of Federal Claims.

April 3, 1996.

Gerald Alan Brown, Loma Linda, California, pro se plaintiff.

Robert N. Dorosin, Department of Justice, Washington, D.C., with whom was Assistant Attorney General Loretta C. Argrett, for defendant. Mildred L. Seidman, Chief, and David Gustafson, Assistant Chief, Court of Federal Claims Section.

## OPINION

FUTEY, Judge.

This case is before the court on defendant's motion to dismiss plaintiff's complaint in part and for summary judgment. Defendant argues that the court lacks subject matter jurisdiction over portions of plaintiff's complaint and moves the court to dismiss the complaint in part pursuant to RCFC 12(b)(1). With regard to the remainder of plaintiff's complaint, defendant moves for summary judgment pursuant to RCFC 56. Defendant asserts that it is entitled to judgment as a matter of law on those claims because plain-

tiff presents no genuine issues of material fact. Maintaining that he has established jurisdiction and that defendant has failed to refute his claims, plaintiff, appearing *pro se*, opposes the motion.

### Factual Background [1]

Plaintiff was born in New Jersey and moved to California in 1982. During the relevant time period, plaintiff was employed as a school teacher by the Riverside Unified School District, Riverside, California. On December 15, 1993, the Riverside Office of Education notified the Internal Revenue Service (IRS) that it would continue to report plaintiff's earnings as taxable income, despite plaintiff's assertions that he is a nonresident alien and therefore not subject to federal income tax under the Internal Revenue Code, 26 U.S.C. §§ 1 to 9722 (1994) (I.R.C.).

### I. Tax Year 1988

On April 15, 1989, plaintiff timely filed his federal income tax return (Form 1040) for tax year 1988 with the IRS Service Center in Fresno, California. Plaintiff reported a fully-paid income tax liability of $1,673. On April 15, 1992, plaintiff timely filed with the Philadelphia, Pennsylvania Service Center an amended income tax return (Form 1040X) for 1988, seeking an income tax overpayment of $1,380. Plaintiff also enclosed a Form W-8 Certificate of Foreign Status and an affidavit. In the affidavit, plaintiff claimed he is a "free sovereign Citizen" of the state of California, and a "nonresident alien" with respect to the United States for purposes of federal taxation.[2] By certified letter dated September 10, 1992, the Commissioner of the IRS, acting through the Fresno Service Center, issued a statutory notice of claim disallowance regarding plaintiff's amended 1988 income tax return.

On February 25, 1993, plaintiff untimely filed with the Philadelphia Service Center two additional amended income tax returns (Forms 1040X and 1040NR) for 1988. In his

---

1. For purposes of clarity, the facts relating to each tax year are discussed separately. The court takes this approach in light of the importance of the specific facts presented regarding each year, as well as in consideration of the fact that plaintiff is proceeding *pro se*.

2. Defendant's Proposed Findings of Uncontroverted Fact at 2–3 (Def.'s PF); Complaint, App. A1 (Compl.).

second Form 1040X, plaintiff claimed zero taxable income and zero tax. On March 8, 1993, the Fresno Service Center assessed a civil penalty against plaintiff, under 26 U.S.C. § 6702 (1994), in the amount of $500 for the filing of a frivolous tax return for 1988. This penalty was directed at plaintiff's first Form 1040X, which was filed in April 1992. The § 6702 penalty was fully paid on June 15, 1993, after the IRS served a notice of levy on plaintiff's employer.

On February 7, 1994, and February 14, 1994, the IRS assessed two additional § 6702 penalties against plaintiff in the total amount of $1,000. These penalties were directed at plaintiff's amended 1988 tax returns that were filed in February 1993. These penalties were fully paid on May 17, 1994, again after the IRS served a notice of levy on plaintiff's employer. Plaintiff sent a letter to the Fresno Service Center on July 14, 1994, in which he referred to his prior claims for 1988. Plaintiff had also asserted his prior claims against the § 6702 penalties for 1988 in a letter dated July 29, 1993.

## II. *Tax Year 1989*

Plaintiff timely filed his 1989 federal income tax return (Form 1040) with the Fresno Service Center on April 15, 1990, and declared a fully-paid income tax liability of $1,673. On April 15, 1992, plaintiff timely filed with the Philadelphia Service Center an amended income tax return for 1989 (Form 1040X), and enclosed a Form W–8 Certificate of Foreign Status and an affidavit. In the affidavit, plaintiff claimed that he is a "free sovereign Citizen" of the state of California and a "nonresident alien" with respect to the United States.[3]

On February 25, 1993, plaintiff timely filed with the Philadelphia Service Center two additional amended income tax returns (Forms 1040X and 1040NR) for tax year 1989. In his second Form 1040X for 1989, plaintiff claimed zero taxable income and zero tax. The IRS did not issue a statutory notice of claim disallowance with regard to plaintiff's amended income tax returns for 1989.

On March 8, 1993, the Fresno Service center assessed a § 6702 penalty against plaintiff in the amount of $500 for the filing of a frivolous tax return for 1989. This penalty was directed at plaintiff's first Form 1040X, which was filed in April 1992. The § 6702 penalty was fully paid on June 15, 1993, after the IRS served a notice of levy on plaintiff's employer.

The IRS assessed two additional § 6702 penalties against plaintiff in the total amount of $1,000, on August 9, 1993, and August 16, 1993. These penalties were directed at plaintiff's amended 1989 tax returns filed in February 1993. These penalties were fully paid on May 17, 1994, again after the IRS served a notice of levy on plaintiff's employer.

By letter of June 26, 1994, the IRS notified plaintiff that it had credited an overpayment on his § 6702 penalty account for 1989 to his § 6702 penalty accounts for the years 1990 and 1991. Plaintiff sent a letter to the Fresno Service Center on July 11, 1994, contesting the application of overpayments on his § 6702 penalty account. In a letter dated July 29, 1993, plaintiff had reasserted his prior claims against the § 6702 penalties for 1989.

## III. *Tax Year 1990*

Plaintiff timely filed his 1990 federal income tax return (Form 1040) with the Fresno Service Center on April 15, 1991. Plaintiff reported a fully-paid income tax liability of $2,374. On April 15, 1992, plaintiff timely filed with the Philadelphia Service Center an amended income tax return for the year 1990 (Form 1040X), and enclosed a Form W–8 Certificate of Foreign Status and an affidavit. In the affidavit, plaintiff claimed that he is a "free sovereign Citizen" of the state of California and a "nonresident alien" with respect to the United States.[4]

On February 25, 1993, plaintiff timely filed with the Philadelphia Service Center two additional amended income tax returns (Forms 1040X and 1040NR) for 1990, seeking an income tax overpayment of $2,374. In his

3. Def.'s PF at 5; Compl., App. A1.

4. Def.'s PF at 8; Compl., App. A1.

second Form 1040X, plaintiff claimed zero taxable income and zero tax for 1990. On May 25, 1993, by certified letter, the IRS Commissioner issued a statutory notice of claim disallowance with regard to plaintiff's second Form 1040X for 1990.

On March 8, 1993, the Fresno Service Center assessed a § 6702 penalty against plaintiff in the amount of $500 for the filing of a frivolous tax return for 1990. This penalty was directed at plaintiff's first Form 1040X, which was filed in April 1992. The § 6702 penalty was fully paid on June 15, 1993, after the IRS served a notice of levy on plaintiff's employer.

The IRS assessed two additional § 6702 penalties against plaintiff in the total amount of $1,000, on June 28, 1993, and July 5, 1993. These penalties were directed at plaintiff's second and third amended 1990 tax returns, which were filed in February 1993.

The Fresno Service Center, on July 8, 1993, sent plaintiff a demand for payment of the total $1,500 for the three § 6702 penalties assessed against him for 1990. The penalty assessed on June 28, 1993, was fully satisfied on June 15, 1993, when the IRS applied the proceeds received from plaintiff's employer from a prior undated notice of levy against this $500 penalty. The penalty assessed on July 5, 1993, was fully paid on May 17, 1994, when the IRS applied an overpayment of plaintiff's 1989 § 6702 account to his outstanding § 6702 liability for 1990.

Plaintiff sent a letter to the Fresno Service Center on July 14, 1994, in which he referred to his prior claims for tax year 1990. In a letter dated July 29, 1993, plaintiff also had reasserted his prior claims against the § 6702 penalties for 1990.

## IV. *Tax Years 1991 and 1992*

Plaintiff untimely filed his 1991 federal income tax return with the Philadelphia Service Center on June 22, 1992. Plaintiff filed his return on Form 1040NR, the federal income tax form for nonresident aliens. In the return, plaintiff listed his occupation as teacher, claimed that his entire $47,467 salary was excluded from federal income tax, reported zero taxable income and zero tax, and requested a refund of his entire federal income tax withholdings of approximately $3,552. Plaintiff further claimed that he is a citizen of the state of California, a nonresident alien with respect to the United States, and was present in the United States for 365 days for each 1989, 1990, and 1991. On July 24, 1992, the IRS issued a refund to plaintiff for the full amount of his 1991 income tax withholdings.[5]

On April 15, 1993, plaintiff timely filed with the Philadelphia Service Center his Form 1040NR for 1992. In his return, plaintiff listed his occupation as teacher, claimed that his entire $49,127 salary was excluded from federal income tax, reported zero taxable income and zero tax, requested a refund of his entire federal income tax withholdings of $299, and declared himself to be a citizen of the "California Republic." [6]

The District Director of Internal Revenue, Laguna Niguel, California, issued a statutory notice of deficiency against plaintiff on April 20, 1994. The deficiency consisted of: (1) income tax of $9,192 for 1991; (2) a delinquency penalty, under 26 U.S.C. § 6651(a)(1) (1994), of $846 for 1991; (3) an accuracy-related penalty, under 26 U.S.C. § 6662(a) (1994), of $1,838 for 1991; (4) income tax of $9,315 for 1992; and (5) a § 6662(a) penalty of $1,803 for 1992.

On November 7, 1994, the IRS assessed against plaintiff, with regard to tax year 1991: (1) an income tax deficiency of $9,192; (2) a § 6651(a)(1) penalty of $846; (3) a § 6662(a) penalty of $1,838; and (4) interest of $2,236. With regard to tax year 1992, the IRS assessed against plaintiff: (1) an income tax deficiency of $9,315; (2) a § 6662(a) penalty of $1,803; and (3) interest of $1,308. Previously, on March 8, 1993, the Fresno Service Center had assessed against plaintiff a § 6702 penalty in the amount of $500 for 1991. On August 16, 1993, the Fresno Ser-

---

**5.** The matter of plaintiff's refund for 1991 would not alter the court's decision in this case. Plaintiff is seeking amounts subsequently assessed and partially paid by means of federal levy.

**6.** Def.'s PF at 11.

vice Center had assessed against plaintiff a § 6702 penalty in the amount of $500 for 1992.

On March 9, 1995, the IRS filed a notice of federal tax lien against plaintiff's property, with the San Bernardino County Recorder's Office, California, for plaintiff's unpaid federal income tax and penalty accounts for 1991 and 1992. Further, on March 6, 1995, the IRS filed a notice of levy on plaintiff's wages with the Riverside Unified School District for those unpaid accounts.[7]

Arguing that he is not liable for the federal income taxes and penalties assessed against him, plaintiff filed his complaint in this court on May 25, 1995.

### Discussion

In his complaint, plaintiff seeks relief under three counts, all of which appear to be based on the same legal theories. Under all three counts, plaintiff: (1) seeks damages for "fraudulent assessment[s] made pursuant to 26 U.S.C. § 6702"; (2) states that he is claiming money damages "by way of a *Bivens* action"; and (3) indicates that the claims arise as taking claims under the Fourth Amendment of the United States Constitution. The counts differ with regard to the tax years and assessments at issue. Count I involves § 6702 penalties for tax years 1988, 1989, 1990, and 1991. Count II discusses plaintiff's efforts to retrieve monies withheld for the 1988, 1989, 1990, and 1992 tax years, as well as § 6702 penalties for tax years 1988, 1989, 1990, 1991, and 1992. Count III focuses on notices of deficiency, federal liens, and federal levies, which were issued regarding IRS Form 1040 taxes and § 6702 penalty assessments for tax years 1991 and 1992.

Beyond generally asserting that plaintiff was improperly assessed taxes and penalties for tax years 1988 through 1992, the complaint does not state with specificity what monetary damages are sought under each count.[8] In his request for relief, plaintiff simply demands a judgment against defendant in the aggregate amount of $33,905.41, with interest and costs. Plaintiff further demands, by way of a *Bivens* action, $101,-716.23 in exemplary damages. Additional demands include: (1) $25,000 against each named or unnamed agent or employee of defendant for each count; (2) the return of any property delivered to defendant, in plaintiff's name by any third party, since April 15, 1992; (3) the revocation of all federal liens and levies related to this action; (4) the correction of defendant's records regarding plaintiff's "status as a Citizen of California and one who is *excepted* and *excluded* from the requirements of the Internal Revenue Code"[9]; and (5) an order that the IRS issue a letter to plaintiff's employer informing it of plaintiff's status and instructing it to disregard all federal liens and levies issued by the IRS against plaintiff until such time as the IRS can prove that plaintiff's work "has a valid federal tax liability."[10]

Although this case is before the court on defendant's motion to dismiss the complaint in part and for summary judgment, the court notes that it would be appropriate to treat the entire matter as a motion to dismiss for lack of subject matter jurisdiction. A trial court is obligated "to notice on its own motion the want of its own jurisdiction." *Carter v. United States,* 15 Cl.Ct. 753, 756 (1988) (citing *Hambsch v. United States,* 857 F.2d 763, 765 (Fed.Cir.1988), *cert. denied,* 490 U.S. 1054, 109 S.Ct. 1969, 104 L.Ed.2d 437 (1989)), *see also Hafen v. United States,* 30 Fed.Cl. 470, 472 (1994), *aff'd without op.,* 47 F.3d 1183, 1995 WL 19378 (Fed.Cir.1995). The court therefore considers, *sua sponte,* the matter of its jurisdiction over this action. *Hafen,* 30 Fed.Cl. at 472.

---

7. *Id.* at 13–14; Compl., App. C9. A liability statement prepared by the Fresno Service Center shows that, as of June 12, 1995, plaintiff's total unpaid 1991 federal income tax account balance was $6,874.97, and his total unpaid federal income tax account balance was $13,404.70. Def.'s PF at 12 n. 7; Defendant's Motion to Dismiss the Complaint in part and for Summary Judgment, App. at B23 (Def.'s Mot.).

8. This lack of specificity is not relevant to the court's disposition of the case.

9. Compl. at 15.

10. *Id.*

The Tucker Act, 28 U.S.C. § 1491(a)(1) (1994), grants the United States Court of Federal Claims "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* Based on that specific grant of authority, it is clear that the court lacks jurisdiction over tort claims. *Garrett v. United States,* 15 Cl.Ct. 204, 208 (1988). Plaintiff's self-proclaimed "Fourth Amendment fraudulent taking"[11] claims sound in tort. *See L'Enfant Plaza Properties, Inc. v. United States,* 645 F.2d 886, 892, 227 Ct.Cl. 1 (1981) (listing fraud as a tort cause of action). Therefore, the court has no choice but to dismiss plaintiff's entire complaint for lack of subject matter jurisdiction. Arguendo, recognizing plaintiff's status as a *pro se* litigant, the court will address every claim that plaintiff is alleging in his complaint, as well as defendant's motion for summary judgment. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (instructing that *pro se* pleadings are to be liberally construed). In addition, the court, like defendant, considers plaintiff's complaint in the context of a tax refund suit.[12]

## I. *Subject Matter Jurisdiction*

In ruling on a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the court must accept as true the complaint's undisputed factual allegations and construe the facts in the light most favorable to plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *see also Hamlet v. United States,* 873 F.2d 1414, 1415 (Fed. Cir.1989); *Farmers Grain Co. v. United States,* 29 Fed.Cl. 684, 686 (1993). A plaintiff must make only a *prima facie* showing of jurisdictional facts through the submitted material in order to avoid a defendant's motion to dismiss. *See Raymark Indus., Inc. v. United States,* 15 Cl.Ct. 334, 338 (1988) (citing *Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977)). If the undisputed facts reveal any possible basis on which the non-moving party might prevail, the court must deny the motion. *See Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686; *see also W.R. Cooper Gen. Contractor, Inc. v. United States,* 843 F.2d 1362, 1364 (Fed.Cir. 1988); *Lewis v. United States,* 32 Fed.Cl. 59, 62 (1994). If, however, the motion challenges the truth of the jurisdictional facts alleged in the complaint, the court may consider relevant evidence in order to resolve the factual dispute. *See Rocovich v. United States,* 933 F.2d 991, 994 (Fed.Cir.1991); *see also Lewis,* 32 Fed.Cl. at 62.

Defendant moves to dismiss plaintiff's complaint in part, for lack of subject matter jurisdiction, on four grounds. First, defendant moves to dismiss plaintiff's claims regarding income tax and penalty assessments for tax years 1991 and 1992 citing the "full-payment rule." Second, defendant moves to dismiss, as untimely, the portion of plaintiff's claim that involves his amended income tax returns for tax year 1988. Third, defendant moves to dismiss plaintiff's claims for exemplary and other damages, arguing that the relief sought by plaintiff is outside the court's Tucker Act jurisdiction. Fourth, defendant moves to dismiss plaintiff's claims for injunctive relief because the relief sought is beyond the scope of the court's limited injunctive powers.

### A. *Income Tax and Penalty Assessments for 1991 and 1992*

Plaintiff apparently bases his Fourth Amendment taking claims for 1991 and 1992 on the funds that were received by the IRS, in partial payment of plaintiff's tax and penalty deficiencies, pursuant to the notices of

---

11. Plaintiff's Proposed Findings of Uncontroverted Fact at 10.

12. In this regard, plaintiff's amended tax returns for 1988, 1989, and 1990 will be considered as requests for tax refunds for those years. Plaintiff presented his claims regarding § 6702 penalties

for those years and for 1991, by letters, which the court assumes, *arguendo,* to constitute adequate informal claims. With regard to 1991 and 1992, plaintiff's claims for tax overpayments were made on his original returns.

levy served on his employer. This claim is outside the court's jurisdiction.

"Alleged constitutional violations, other than a taking claim under the Fifth Amendment [of the United States Constitution], do not state a cause of action for monetary relief against the United States in the [United States Court of Federal Claims]." *Frank's Livestock & Poultry Farm, Inc. v. United States,* 17 Cl.Ct. 601, 607 (1989), *aff'd,* 905 F.2d 1515 (Fed.Cir.1990). Thus, because the Fourth Amendment does not mandate the payment of money for its violation, jurisdiction over claims, such as plaintiff's taking claim, does not lie in this court. *Murray v. United States,* 817 F.2d 1580, 1582–83 (Fed. Cir.1987); *see also Earnest v. United States,* 33 Fed.Cl. 341, 344 (1995). The court does, however, have jurisdiction over Fifth Amendment taking claims that result from authorized acts of government officials.

Considering plaintiff's complaint as presenting a Fifth Amendment taking case, the court still lacks jurisdiction. "[W]here, as in this case, a taxpayer disputes an IRS levy on his property, the appropriate course of action is a direct challenge of the levy, not the prosecution of a fifth amendment claim." *Castillo Morales v. United States,* 19 Cl.Ct. 342, 345 (1990); *cf. First Atlas Funding Corp. v. United States,* 23 Cl.Ct. 137, 139–41 (1991) (holding that the mere filing by the IRS of a federal tax lien does not constitute a Fifth Amendment taking), *aff'd without op.,* 954 F.2d 733, 1992 WL 4242 (Fed.Cir.1992). Furthermore, if, as plaintiff argues, the IRS acted improperly in assessing income taxes and penalties against him, no taking could have occurred. A taking can only result from authorized acts of government officials. *Tabb Lakes, Ltd. v. United States,* 10 F.3d 796, 802–03 (Fed.Cir. 1993); *Earnest,* 33 Fed.Cl. at 344. By contrast, claims that are based on unauthorized acts of government officials sound in tort. *Earnest,* 33 Fed.Cl. at 344. As stated previously, the court lacks jurisdiction over tort claims. *Garrett,* 15 Cl.Ct. at 208.

Due to the ambiguity of the plaintiff's constitutional claims, those claims also are considered in the context of the due process clause of the Fifth Amendment. "It is well established that the due process clause of the Fifth Amendment ... does not mandate the payment of money by the United States." *Golder v. United States,* 15 Cl. Ct. 513, 517 (1988). Thus, claims based on that clause are beyond the court's jurisdiction. *Wright v. United States,* 20 Cl.Ct. 416, 420 (1990); *see also Carruth v. United States,* 627 F.2d 1068, 1081, 224 Ct.Cl. 422 (1980).

Examining this case as a tax refund action, plaintiff's claims regarding income tax and penalty assessments for 1991 and 1992, also must be dismissed. Under the "full-payment rule" of *Flora v. United States,* 362 U.S. 145, 150–51, 80 S.Ct. 630, 633–34, 4 L.Ed.2d 623 (1960), assessed tax deficiencies must be paid in full before a refund action can be brought in this court. *Shore v. United States,* 9 F.3d 1524, 1526 (Fed.Cir.1993); *see also Earnest,* 33 Fed.Cl. at 343. Because plaintiff's tax liabilities for 1991 and 1992 were not fully paid as of May 25, 1995, the date his complaint was filed, this action cannot be sustained.[13]

The court further lacks jurisdiction over plaintiff's § 6702 penalty claim for 1992 because plaintiff did not file an administrative refund claim for amounts collected by the IRS in satisfaction of that penalty. The filing of an administrative refund claim prior to filing suit in this court is required under 26 U.S.C. § 7422(a) (1994). Plaintiff also failed to file a refund claim for assessments made, and partially paid, after the IRS had allowed and refunded his prior claim for 1991.

### B. *1988 Income Tax*

Plaintiff's complaint also alleges a taking claim involving his amended income tax returns for 1988. As previously noted, plaintiff's taking claims are not properly before the court. Further, this claim must be

---

**13.** An IRS printout indicates that, as of June 12, 1995, plaintiff's liabilities for these assessments totalled $21,419.74. Def.'s Mot., App. at B23.

dismissed as untimely under 26 U.S.C. § 6532(a)(1) (1994). Section 6532(a)(1) requires that a tax refund suit be filed within two years from the date of mailing, by registered or certified mail, of the IRS Commissioner's notice of claim disallowance regarding that particular claim. On September 10, 1992, the IRS, by certified mail, disallowed plaintiff's first amended 1988 income tax return filed on April 15, 1992. Plaintiff's complaint was filed in this court more than two years later, on May 25, 1995, and is therefore untimely under § 6532(a)(1).[14]

### C. *Exemplary and Other Damages*

██ In his complaint, plaintiff seeks exemplary and other damages by way of a *Bivens* action. In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the United States Supreme Court held that an individual may sue federal officials acting under color of authority for violation of that individual's constitutional rights. *Id.* at 392–93, 91 S.Ct. at 2002–03. As the court has previously noted, however, "[a]lleged constitutional violations, other than a taking claim under the Fifth Amendment, do not state a cause of action for monetary relief against the United States in the [United States Court of Federal Claims]." *Frank's*, 17 Cl.Ct. at 607. Moreover, under § 1491(a)(1) this court has jurisdiction over claims against the United States government, not federal officials. *See Frank's*, 17 Cl.Ct. at 607. The court therefore lacks jurisdiction over plaintiff's *Bivens* claims.

### D. *Injunctive and Declaratory Relief*

██ Finally, the court must dismiss plaintiff's claims for injunctive and declaratory relief against federal tax liens and levies. Such relief is beyond the scope of the court's limited injunctive powers.[15] Pursuant to the Tucker Act, the jurisdiction of the court is, with limited exceptions, restricted to monetary judgments against the United States.

The court lacks authority to issue declaratory judgments unless specifically authorized to do so. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Such authorization is lacking with regard to the relief plaintiff seeks.

### II. *Summary Judgment*

Furthermore, defendant moves for summary judgment with regard to the remainder of plaintiff's complaint. The remaining claims involve: (1) a § 6702 penalty for tax year 1988; (2) income tax assessments and a § 6702 penalty for tax year 1989; and (3) income tax assessments and a § 6702 penalty for tax year 1990.

██ Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A fact is considered material if it might significantly affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2509–10. The party moving for summary judgment bears the initial burden of demonstrating, by a preponderance of the evidence, either the absence of any genuine issue of material fact or the absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the moving party demonstrates an absence of genuine issues of material fact, the burden then shifts to the non-moving party to show that a genuine factual dispute exists. *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1563 (Fed.Cir.1987). Alternatively, if the moving party shows an absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to proffer such evidence. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2553–54. The court must resolve any doubts over factual issues in favor of the

---

**14.** Although the IRS did not issue notices of claim disallowance for plaintiff's second and third amended 1988 returns, the court notes that those filings were frivolous in light of the IRS' actions regarding plaintiff's first amended 1988 return.

**15.** The court has already addressed the limited nature of its jurisdiction in its Order of September 14, 1995.

party opposing summary judgment, *Litton Indus. Prods., Inc. v. Solid State Sys. Corp.*, 755 F.2d 158, 163 (Fed.Cir.1985), to whom the benefits of all presumptions and inferences run. *H.F. Allen Orchards v. United States,* 749 F.2d 1571, 1574 (Fed.Cir.1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985).

■ The portions of plaintiff's complaint that are included in defendant's summary judgment motion are based primarily upon plaintiff's interpretation of the Fourteenth Amendment of the United States Constitution and his conclusion that he is neither a citizen nor a resident of the United States of America but rather a citizen-principal of the state of California. Based on that belief, plaintiff asserts that he is a nonresident alien with respect to the United States and, therefore, is not subject to federal income tax under the I.R.C.

Because plaintiff's allegations present no issues of genuine material fact, the court addresses his remaining contentions as a matter of law.[16] Plaintiff's Fourteenth Amendment arguments have been repeatedly rejected as frivolous in other tax protester cases. *See, e.g., United States v. Sloan,* 939 F.2d 499, 500–01 (7th Cir.1991) (rejecting contention that defendant was exempt from federal taxation as a citizen of a state but not the United States), *cert. denied,* 502 U.S. 1060, 112 S.Ct. 940, 117 L.Ed.2d 110 (1992); *United States v. Price,* 798 F.2d 111, 113 (5th Cir.1986) (rejecting "special status" as state citizen argument); *United States v. Studley,* 783 F.2d 934, 937 (9th Cir.1986) (rejecting argument that defendant was "an absolute, freeborn and natural individual" and therefore not a "taxpayer"); *cf. In re Becraft,* 885 F.2d 547, 548 n. 2 (9th Cir.1989) (holding that federal jurisdiction is not limited to federal enclaves and District of Columbia). Moreover, it is uncontroverted that plaintiff resided in California during the tax years at issue and that plaintiff was born in New Jersey to parents who were, as plaintiff avers, "Citi-

zens–Principals" of New Jersey.[17] Thus, plaintiff is not only a resident of the United States, but also a citizen of the United States by birth. U.S. Const. amend. XIV.

■ In addition, contrary to plaintiff's arguments, the Sixteenth Amendment of the United States Constitution authorizes the United States Congress to impose a federal income tax on citizens and residents of the United States. *See Becraft,* 885 F.2d at 548–49; *Lonsdale v. Commissioner of Internal Revenue,* 661 F.2d 71, 72 (5th Cir.1981). Indeed, the Sixteenth Amendment and the tax laws passed pursuant to it "represent the recognized law of the land." *United States v. House,* 617 F.Supp. 237, 240 (W.D.Mich. 1985).

■ Plaintiff further contends that Congress has not enacted the I.R.C. into positive law. It is clear, however, that a law included in the current edition of the United States Code establishes *prima facie* evidence of the law of the United States. 1 U.S.C. § 204(a) (1994). Further, other courts, citing § 204(a), have specifically rejected the argument made by plaintiff. *See, e.g., Ryan v. Bilby,* 764 F.2d 1325, 1328 (9th Cir.1985) (stating that "Congress's failure to enact a title [of the United States Code] into positive law has only evidentiary significance and does not render the underlying enactment invalid or unenforceable"); *United States v. Zuger,* 602 F.Supp. 889, 891–92 (D.Conn. 1984) (holding that "the failure of Congress to enact a title as such and in such form into positive law ... in no way impugns the validity, effect, enforceability or constitutionality of the laws as contained and set forth in the title"), *aff'd without op.,* 755 F.2d 915 (2d Cir.), *cert. denied,* 474 U.S. 805, 106 S.Ct. 38, 88 L.Ed.2d 32 (1985); *Young v. IRS,* 596 F.Supp. 141, 149 (N.D.Ind.1984) (asserting that "even if Title 26 was not itself enacted into positive law, that does not mean that the laws under that title are null and void"). Indeed, as the United States Court of Appeals for the Ninth Circuit stated in *Ryan,*

---

**16.** Plaintiff's Statement of Genuine Issues and Plaintiff's Proposed Findings of Uncontroverted Fact primarily restate plaintiff's legal contentions and do not raise any genuine issues of material fact.

**17.** Plaintiff's Statement of Genuine Issues at 2. With regard to his parent's citizenship, plaintiff simply reiterates his Fourteenth Amendment argument, which the court rejects.

"Like it or not, the Internal Revenue Code is the law." *Ryan,* 764 F.2d at 1328; *cf. Berkshire Hathaway Inc. v. United States,* 8 Cl. Ct. 780, 784 (1985) (averring that the I.R.C. "is truly 'positive law' "), *aff'd,* 802 F.2d 429 (Fed.Cir.1986).

Plaintiff also asserts that the essential nature of the federal income tax is an "excise tax, which is a tax on a privileged ... status of engaging in some federally authorized activity."[18] The United States Court of Appeals for the Fifth Circuit rejected a similar argument in *Parker v. Commissioner of Internal Revenue,* 724 F.2d 469, 471–72 (5th Cir.1984). Moreover, and contrary to plaintiff's assertions, citizens and residents of the United States must pay federal income tax on their wages, regardless of whether they receive benefits from the United States government. *Lovell v. United States,* 755 F.2d 517, 519 (7th Cir.1984). Courts have also consistently rejected plaintiff's claim that his wages do not constitute taxable income under the I.R.C. *See, e.g., Stubbs v. Commissioner of IRS,* 797 F.2d 936, 938 (11th Cir.1986) (rejecting argument that wages are not taxable income as "patently frivolous"); *Ficalora v. Commissioner of Internal Revenue,* 751 F.2d 85, 87–88 (2d Cir. 1984) (holding that income includes compensation for services), *cert. denied,* 471 U.S. 1005, 105 S.Ct. 1869, 85 L.Ed.2d 162 (1985); *Lonsdale,* 661 F.2d at 72 (rejecting "even exchange" argument).

As previously noted, plaintiff's claims are frivolous. Thus, the IRS properly assessed § 6702 penalties against him for 1988, 1989, and 1990.[19] In addition, notice of deficiency procedures do not apply with regard to the assessment and collection of § 6702 penalties. 26 U.S.C. § 6703(b) (1994).[20]

Plaintiff also argues that the IRS, when serving notices of levy on plaintiff's employer, failed to comply with 26 U.S.C. § 7401 (1994). Plaintiff, however, has misconstrued the provisions of § 7401, which apply only to the institution of civil court actions for the recovery of tax deficiencies. Section 7401 therefore does not apply to the administrative action of serving notices of levy on an employer, under 26 U.S.C. § 6331 (1994), to collect unpaid tax and penalty deficiencies. In such circumstances, the IRS Commissioner has sole authority to act.[21]

The court also finds no merit in plaintiff's contention that § 6331 cannot apply to him because he is not engaged in any activity that falls under Title 27 of the United States Code.[22] Plaintiff bases this assertion upon the mistaken belief that the sole rule-making authority for § 6331(a) is found under Title 27, Part 70 of the Code of Federal Regulations, Intoxicating Liquors, rather than Title 26, Internal Revenue. Based upon that mistaken view, plaintiff contends that the Bureau of Alcohol, Tobacco and Firearms has specific authority to implement § 6331(a). The patent flaw in plaintiff's argument is that the cited Title 27 regulations are not the exclusive source of the government's authority to act pursuant to § 6331(a). Section 6331 authorizes the Secretary of the Treasury to levy the property of "any person liable to pay any tax" for the purpose of collecting a tax delinquency. In turn, 26 C.F.R. § 301.6331–1 (1995), authorizes the IRS to implement § 6331 with respect to

---

18. Compl. at 72.

19. To assess § 6702 penalties, the government need only show that filed tax returns are frivolous, 26 U.S.C. § 6703(a) (1994), which is clear from plaintiff's amended returns.

20. Contrary to plaintiff's assertions regarding 1989, there also is no connection between the non-issuance of a statutory notice of claim disallowance regarding an amended income tax return and the assessment of a § 6702 penalty.

21. When a lien arises in favor of the government under 26 U.S.C. § 6321 (1994), and the IRS sends a notice of intent to levy on that lien pursuant to § 6331, the IRS may proceed without issuing a notice of deficiency. *Murray v. Commissioner of Internal Revenue,* 24 F.3d 901, 904 (7th Cir.1994).

22. Other courts have rejected similar arguments regarding other statutory sections. *See United States v. Cochrane,* 985 F.2d 1027, 1031 (9th Cir.1993) (discussing 26 U.S.C. § 7206 (1988)); *United States v. Streett,* 791 F.Supp. 563, 568 (D.Md.1992) (considering 26 U.S.C. § 7602 (1988)).

"any person." Thus, the IRS has both statutory and regulatory authority to levy the property of a delinquent taxpayer.[23]

 Finally, the court rejects plaintiff's assertion that § 6331(a) permits the IRS to issue levies only against a certain class of "federal person[s]." [24] *See James v. United States*, 970 F.2d 750, 755 n. 9 (10th Cir.1992) (noting that § 6331(a) allows the IRS to levy the property of all taxpayers) (citing *Sims v. United States*, 359 U.S. 108, 112–13, 79 S.Ct. 641, 644–45, 3 L.Ed.2d 667 (1959)). Indeed, § 6331 levy procedures expressly apply to "*any* person liable to pay *any* tax." Thus, plaintiff is not exempted from the scope of § 6331.

### Conclusion

For the foregoing reasons, plaintiff's complaint shall be dismissed.[25] Accordingly, the Clerk is directed to dismiss plaintiff's complaint. No costs.

---

**23.** Plaintiff presents the same argument with regard to various other sections upon which defendant relied in assessing taxes and penalties against him. The court rejects plaintiff's contention, noting that all of those sections also have companion regulations in Title 26 of the Code of Federal Regulations: (1) Section 6321 is authorized by 26 C.F.R. 301.6321–1 (1995); (2) 26 U.S.C. § 6601 (1994), is authorized by 26 C.F.R. 301.6601–1 (1995); and (3) Section 6651 is authorized by 26 C.F.R. 301.6651–1 (1995), *amended by* 61 Fed.Reg. 260 (1996).

**24.** Compl. at 85.

**25.** Assuming arguendo that the court has jurisdiction, as discussed in this opinion, defendant's motion to dismiss plaintiff's complaint in part and for summary judgment is granted.