Judith A. WHYTE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 03–856C.

United States Court of Federal Claims.

Jan. 16, 2004.

Judith A. Whyte, Sacramento, California, pro se.

Kenneth D. Woodrow, U.S. Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

## OPINION

WILLIAMS, Judge.

Plaintiff, Judith A. Whyte, *pro se*, alleges that the United States Department of Veterans Affairs (VA) committed fraud in conjunction with its sale of a condominium to her by knowingly failing to disclose pre-existing structural defects. Prior to filing her action in this Court, Plaintiff filed a claim pleading the same facts and seeking the same relief in the United States District Court for the Eastern District of California. The district court denied Plaintiff's motion for default judgment. In the instant action, Plaintiff not only reiterates her fraud claim, but also challenges the district court's refusal to enter a default judgment.

This matter comes before the Court on Defendant's motion to dismiss this action for lack of subject matter jurisdiction.[1] Because Plaintiff filed her claim in this Court while she had a claim arising from the same operative facts and seeking the same relief as her action pending in the Eastern District of California, this Court must dismiss the claim which Plaintiff has characterized as a fraud claim pursuant to 28 U.S.C. § 1500. In addition, because this Court lacks jurisdiction to review actions of district courts, Plaintiff's three claims arising from the district court's denial of her motion for default judgment must be dismissed.

## BACKGROUND [2]

### The California Action

On October 16, 2002, Plaintiff filed an action in the United States District Court for the Eastern District of California for fraud stemming from her purchase of a condominium unit from the VA. Plaintiff brought the action against the VA, the VA's selling agent, five individual board members of the condominium homeowners association, the property management company and its agent, and the owner of the land on which the condominium was built. *Judith A. Whyte v. Department of Veterans Affairs, et al.*, No. 02–CV–2264 (E.D.Cal.2002). In that action, Plaintiff alleged that she had purchased a condominium unit in Sacramento, California from the VA on April 10, 1995, and occupied the premises as her home, and that the VA knew of structural damage to the unit at the time of the sale. She further alleged that on June 29, 2002, she received an offer for purchase of the condominium which was withdrawn because an inspection report indicated settling and cracking of the foundation slab and structural damage, and that these conditions existed before she purchased the unit and were known by the VA and its selling agent, Elmer Shaw. Plaintiff sought damages in the amount of $5,000,000.

On October 30, 2002, Plaintiff attempted to serve the VA with process in the California action, but failed to comply with Federal

---

1. Defendant argues this Court lacks jurisdiction over Plaintiff's claims under 28 U.S.C. § 1500, 28 U.S.C. § 1491, 28 U.S.C. § 2517, and the Ninth Amendment to the United States Constitution. Def.'s Mot. To Dismiss at 7–11. In addition, Defendant argues that Plaintiff's claim is time-barred pursuant to 28 U.S.C. § 2501.

2. This factual background is derived from Plaintiff's complaint in this Court, Plaintiff's complaint in the United States District Court for the Eastern District of California, and court records in her California action accessible on-line at http://pacer.psc.uscourts.gov.

Rule of Civil Procedure (FRCP) 4(i) in that she failed to serve the United States Attorney and the Attorney General. Because the VA was not properly served, it did not answer Plaintiff's complaint, and on January 7, 2003, Plaintiff filed an affidavit requesting the district court to enter a default judgment in the amount of $5,000,000 against the VA. On January 14, 2003, the magistrate judge in the Eastern District of California denied Plaintiff's request for entry of default judgment.

On March 13, 2003, the district court dismissed Ms. Whyte's complaint with prejudice as to the homeowners association board, the property management company and its agent, but not as to the VA or Mr. Shaw.

On July 11, 2003, the magistrate judge ordered Plaintiff to properly serve process on the VA and the defendant landowner in accordance with FRCP 4(i) or face dismissal of her California complaint. Plaintiff did not comply, and on October 23, 2003, the magistrate judge recommended to the district court that Plaintiff's complaint be dismissed. Plaintiff's California complaint is still pending as of the writing of this opinion.

*The Instant Action*

On April 28, 2003, Plaintiff, with her action in the Eastern District of California still pending against the VA, Mr. Shaw, and the landowner, filed a complaint in this Court, again asserting an action for fraud against the United States. This complaint stemmed from the identical operative facts and conduct as alleged in her California complaint. In addition, Plaintiff asserted three new claims arising from the California district court's refusal to enter a default judgment. Specifically, Plaintiff alleged: (1) "[D]enial of a remedy by an officer of the United States," (2) "Denial of the judicial protection of a United States Court by a judicial officer of the United States," and (3) "Interference with a contract by a judicial officer of the United States." Pl.'s Compl. at 1–3. Plaintiff sought the identical monetary relief in both complaints, i.e., $5,000,000.00.

## DISCUSSION

Defendant moves to dismiss Plaintiff's complaint for lack of subject matter jurisdic-tion under 28 U.S.C. § 1500 because Plaintiff filed her claim in this Court while her claim in the United States District Court for the Eastern District of California was pending. Alternatively, Defendant articulates three additional grounds for dismissal. First, Defendant argues that Plaintiff's cited bases for her claim, 28 U.S.C. § 2517, and the Ninth Amendment to the United States Constitution, are not money-mandating and cannot confer subject matter jurisdiction. Second, Defendant contends that this court has no jurisdiction to entertain claims based in tort. Third, Defendant asserts Plaintiff's complaint is time-barred under the six-year statute of limitations applicable to actions in this Court. 28 U.S.C. § 2501.

The United States Court of Federal Claims is a court of limited jurisdiction. *See* 28 U.S.C. § 1491. Actions must be dismissed when the Court lacks subject matter jurisdiction in accordance with Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC). Consideration of a Rule 12(b)(1) motion requires that all allegations be construed in a light most favorable to the non-moving party. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The non-moving party bears the burden of showing that the Court has jurisdiction. *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed.Cir.1993); *Flathead Joint Bd. of Control v. United States*, 30 Fed.Cl. 287, 292 (1993).

*28 U.S.C. § 1500 Divests This Court of Jurisdiction Over Plaintiff's Fraud Claim at This Time*

■ 28 U.S.C. § 1500 states:

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

In *Keene Corp. v. United States*, 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993),

the Supreme Court interpreted section 1500 to require dismissal by this Court of a claim presenting "substantially the same operative facts" brought by the plaintiff and pending in a different court. *Id.* at 212, 113 S.Ct. 2035. *See Loveladies Harbor v. United States,* 27 F.3d 1545, 1549–51 (Fed.Cir.1994) ("For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief."). The facts underlying the fraud claims presented in Plaintiff's complaints in this Court and the Eastern District of California are identical, as is the monetary relief sought, $5,000,000. *Compare Judith A. Whyte v. Department of Veterans Affairs, et. al.,* No. 02–CV–2264 at 2 (E.D.Cal.), *with* Pl.'s Compl. at 2–3.

As the *Keene* Court recognized, "the jurisdiction of the Court depends on the state of things at the time of the action brought." *Keene,* 508 U.S. at 207, 113 S.Ct. 2035 (citations omitted). As such, this Court must consider whether the same claim was pending elsewhere at the time the action in this Court was filed. *Id.* at 209, 113 S.Ct. 2035 (stating that 28 U.S.C. § 1500 "bar[s] jurisdiction over the claim of a plaintiff who, upon filing, has an action pending in any other court 'for or in respect to' the same claim."). Thus, even if Plaintiff's California complaint had been dismissed as of this time, 28 U.S.C. § 1500 would require this Court to dismiss the instant action, based upon the pendency of her suit in California at the time she filed suit here.

This Court's dismissal of an action for lack of jurisdiction under 28 U.S.C. § 1500 does not carry res judicata effect. *Do–Well Mach. Shop, Inc. v. United States,* 870 F.2d 637, 640 (Fed.Cir.1989); *Cubic Def. Sys., Inc. v. United States,* 45 Fed.Cl. 239, 248 (1999). As such, dismissal of an action pursuant to this statute does not present a bar to the subsequent filing of an action and resolution by this Court on the merits if proper jurisdiction can be had at a later date. *Do–Well,* 870 F.2d at 640. In *Vaizburd v. United States,*

46 Fed.Cl. 309, 311–12 (2000), the Court noted that "a dismissal pursuant to 28 U.S.C. § 1500 is for want of jurisdiction—a ground which would appear not to preclude a subsequent refiling here of a new ... claim, assuming the limitations period has not run." [3]

### This Court Lacks Jurisdiction to Review Actions of United States District Courts

■ Plaintiff also alleges that the California district court, in particular, the district judge, a judicial officer, denied her a remedy and judicial protection and interfered with her contract by refusing to enter a default judgment against the VA. Plaintiff's three new claims challenging the denial of her motion for default judgment by the district court must be dismissed with prejudice because this Court lacks the authority to review decisions of district courts. *See Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir. 1994) ("The Court of Federal Claims does not have jurisdiction to review the decisions of district courts."); *Lark v. United States,* 17 Cl.Ct. 567, 571 (1989) (*citing Golder v. United States,* 15 Cl.Ct. 513, 517 (1988)) (absent explicit statutory authorization, the Court of Federal Claims is powerless to "review [the] substantive actions taken by other federal courts"); *see also Bowman v. United States,* 35 Fed.Cl. 397, 402 (1996); *Meincke v. United States,* 14 Cl.Ct. 383, 386 (1988); *Florida Rock Indus., Inc. v. United States,* 791 F.2d 893, 899 (Fed.Cir.1986).

■ Moreover, it is well established that federal judges are immune from claims for monetary damages based on the performance of judicial functions within their jurisdiction. *See Mireles v. Waco,* 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Cleavinger v. Saxner,* 474 U.S. 193, 199–200, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985) (stating "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction"); *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Because the denial of

---

**3.** The *Vaizburd* Court further noted that plaintiff could have avoided dismissal of her complaint by this Court on the basis of 28 U.S.C. § 1500 if "the entire district court monetary claim, insofar as the United States is a defendant, had been dismissed prior to the filing of the 'same' claim here." *Vaizburd,* 46 Fed.Cl. at 311.

Plaintiff's motion for default judgment was clearly a judicial act, the District Judge is immune from suit for monetary damages based on this conduct.

### CONCLUSION

Plaintiff's claim characterized as a fraud claim arising from her purchase of a condominium from the VA is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1500.[4]

Because this Court lacks jurisdiction over Plaintiff's claims arising from the denial of her motion for default judgment by the United States District Court for the Eastern District of California, these claims are dismissed with prejudice. No costs.

4. This Court does not address the other grounds for dismissal Defendant has raised, including its assertion that Plaintiff's claim sounds in tort. Generally, a fraud claim arising out of an alleged misrepresentation by the Government is a tort that is not actionable under the Federal Tort Claims Act, 28 U.S.C. § 2680(h). *United States v. Neustadt,* 366 U.S. 696, 710, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961). The Tucker Act, 28 U.S.C. § 1491(a)(1), which defines the jurisdiction of this Court, does not grant the Court jurisdiction over independent tort claims. *Garrett v. United States,* 15 Cl.Ct. 204, 209 (1988) (Claims Court had no jurisdiction to hear a case based on alleged misrepresentations where no breach of contract was asserted). However, if the alleged negligence "specifically relate[d] to a contractual obligation" then "the court has jurisdiction over the claim because the alleged erroneous representation is written into the contract." *Chain Belt Co. v. United States,* 127 Ct.Cl. 38, 54, 115 F.Supp. 701 (1953) ("A tortious breach of contract is not a tort independent of the contract so as to preclude an action under the Tucker Act."); *Summit Timber v. United States,* 230 Ct.Cl. 434, 440–41, 677 F.2d 852 (1982) (Court of Claims had jurisdiction over tortious breach of contract claim where contract documents contained erroneous factual representations at issue); *see also Pratt v. United States,* 50 Fed.Cl. 469, 480 (2001) ("A claim for tortious breach of contract . . . is not a tort independent of the contract so as to preclude Tucker Act jurisdiction . . . . For jurisdictional purposes the tortious conduct must specifically relate to a contractual obligation.").